IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EPIC SYSTEMS CORPORATION, § § § | |
| Plaintiff, § § | Case No. 11-cv-51 |
| v. § § | |
| ALTOS SOLUTIONS, INC., § § | Demand for Jury Trial |
| Defendant. § § § | |

## COMPLAINT

Plaintiff, Epic Systems Corporation ("Epic"), by its attorneys, Quarles & Brady LLP, hereby states its Complaint against Defendant Altos Solutions, Inc. ("Altos") as follows:

### THE PARTIES

1. Epic is a Wisconsin corporation which maintains its principal place of business at 1979 Milky Way, Verona, Wisconsin 53593.

2. Upon information and belief, Altos is a California corporation which maintains its principal place of business at 1522 Hillview Drive, Suite 420, Los Altos, California 94024.

### JURISDICTION AND VENUE

3. This is an action for federal trademark infringement and false designation of origin under Title 15 of the United States Code and for trademark infringement under Wisconsin common law. Epic is seeking both injunctive relief and damages.

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338 because this is a civil action for trademark infringement and false designation of origin, arising under Title 35 of the United States Code.

5. This Court also have diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Altos because, upon information and belief, Altos has committed and continues to commit acts of infringement in the State of Wisconsin and within the Western District of Wisconsin, has conducted business in the State of Wisconsin and within the Western District of Wisconsin, has offered to sell and/or sold products and services in the State of Wisconsin and within the Western District of Wisconsin, has caused injury to Epic in the State of Wisconsin and within the Western District of Wisconsin, and/or has engaged in continuous and systematic activities in the State of Wisconsin and within the Western District of Wisconsin.

8. Venue for this matter is proper in this Court under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Epic is one of the nation's leading providers of electronic medical records systems for use in the health care field.

10. Epic markets and sells computer programs and accompanying users' manuals for use in hospitals and healthcare organizations throughout the United States. Epic's integrated electronic medical records software includes specialized applications for oncologists. An integral aspect of Epic's electronic medical records software is its MyChart application, which allows patients to access and view portions of their medical charts, schedule appointments, view

lab and test results, send and receive secure messages with providers, obtain educational materials, and pay medical bills.

11. On May 28, 2002, MYCHART, Registration No. 2,574,214 ("the '214 Mark") issued for "computer software used to access patient medical, education, and transactional information on a global computer network, for use in the health care field, and user manuals, sold as a unit."

12. Epic is the owner of the '214 Mark.

13. The '214 Mark is valid and subsisting, and has acquired incontestable status under 15 U.S.C. § 1065.

14. Under 15 U.S.C. § 1115, federal registration of the trademark MYCHART, combined with the incontestability of the '214 Mark, is conclusive evidence of Epic's exclusive right to use of the registered mark for computer programs and accompanying users' manuals sold as a unit in the health care field.

15. Epic has been using its MYCHART mark in commerce since May 2000 in connection with the marketing and sale of computer software and accompanying documentation sold as a unit in the health care field.

16. Epic has invested substantial time, effort and money in developing its MYCHART mark and has used the mark in its marketing, corporate documents, and other contacts with the relevant consuming public. As a result, the MYCHART mark is of great value to Epic.

17. Due to its widespread, extensive and continuous use, the MYCHART mark has acquired fame and recognition, particularly among persons using and/or purchasing software for use in the health care field.

18. Epic maintains strict quality control standards for its electronic medical records software, including the MyChart application.

19. Epic's MYCHART mark is entitled to immediate and strong protection from unfair competition, infringement and injury.

20. Altos is improperly using Epic's MYCHART mark in commerce in this district and throughout the United States in connection with Altos' effort to market electronic medical records software and accompanying users' manuals for use in the health care field. Altos' markets an aspect of its OncoEMR software, SeeMyChart, which allows patients access to their medical information, similar to the access and functionality provided by Epic's MyChart application.

21. Altos advertises "SeeMyChart.com" as providing patients access to lab results, vitals, pathology results, radiology results, patient appointment calendar, messages from the physician's practice, patient education, and demographics.

22. Altos has adopted "SeeMyChart" and "SeeMyChart.com" for its patient portal as part of its electronic medical records software, OncoEMR.

23. Epic has provided notice of the registration of the '214 Mark pursuant to 15 U.S.C. § 1111.

## Count I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114 and 1125)

24. Epic re-alleges and incorporates herein by reference the allegations of each of the foregoing paragraphs as if fully set forth herein.

25. Epic's registered MYCHART trademark is valid and subsisting and remains in full force and effect as evidence of the validity thereof and of Epic's ownership of the mark in connection with the goods specified in the registration.

26. Upon information and belief, without Epic's authorization or consent, and having knowledge of Epic's prior rights in the MYCHART mark, Altos has used the confusingly similar mark "SeeMyChart" in connection with the sale, offer for sale, distribution and advertisement of goods in the same field as Epic's goods and has asserted trademarks rights in "SeeMyChart."

27. Altos' use of the mark SeeMyChart is likely to cause confusion, mistake and deception among potential purchasers as to the origin of the competing goods, which has and will continue to damage Epic's business reputation, goodwill and sales.

28. Upon information and belief, Altos' acts of infringement in violation of the Lanham Act have been willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

29. Altos' use of the mark SeeMyChart infringes Epic's rights in its registered mark MYCHART in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

30. Altos' acts of infringement have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake and deception.

31. Epic has no adequate remedy at law and is being irreparably damaged as a result of Altos' acts of infringement.

## Count II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPEITION
## (15 U.S.C. § 1125(a))

32. Epic re-alleges and incorporates herein by reference the allegations of each of the foregoing paragraphs as if fully set forth herein.

33. Altos' use of SeeMyChart constitutes a false designation of origin under 15 U.S.C. § 1125(a) that is likely to deceive or has already deceived customers, prospective

customers and end-users into believing that Altos' software is associated with Epic's software, and, as a consequence, is likely to divert or has already diverted customers away from Epic.

34. Epic has no control over the issuance or the administration of SeeMyChart software by Altos, nor over the nature and quality of the software sold and distributed by Altos. Any failure, neglect or default by Altos in the use and administration of the SeeMyChart software will reflect adversely on Epic as the believed source of origin thereof. Altos' unlawful, unauthorized and unlicensed use of the confusingly similar mark in connection with the sale, offer for sale, distribution and advertisement of goods in direct competition with Epic's goods creates express and implied misrepresentations that the goods were created, authorized or approved by Epic, all to Altos' profit and Epic's damage, which constitutes unfair competition under 15 U.S.C. § 1125(a).

35. Altos' acts in violation of 15 U.S.C. § 1125(a) have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm to Epic's business reputation and goodwill.

36. Epic has no adequate remedy at law and is being irreparably damaged as a result of Altos' acts in violation of 15 U.S.C. § 1125(a).

## Count III
## **COMMON LAW TRADEMARK INFRINGEMENT**

37. Epic re-alleges and incorporates herein by reference the allegations of each of the foregoing paragraphs as if fully set forth herein.

38. Through Epic's systematic use of the MYCHART mark in identifying a key aspect of one of its software products, MYCHART has acquired a secondary meaning.

-7-

39. In addition to the rights of federal registration referred to hereinabove, Epic has superior common law rights in the mark MYCHART used in connection with computer software based on its use of the mark prior to Altos' use of "SeeMyChart."

40. Altos, without authorization from Epic, has used a mark that is confusingly similar to Epic's MYCHART mark to advertise, distribute, sell and offer to sell its software products.

41. Altos' actions and use of SeeMyChart in connection with its computer software in the health care field is likely to cause and/or will cause or may have already caused confusion, mistake or deception as to the source of the goods or the relationship between Altos and Epic, all to Epic's detriment.

42. Altos' actions and conduct constituting infringement of Epic's common law rights in the trademark MYCHART under Wisconsin law have caused, and unless and until restrained and enjoined by this Court, will continue to cause a likelihood of consumer confusion, mistake and deception.

43. Epic has no adequate remedy at law and is being irreparably damaged as a result of Altos' acts and conduct in violation of Wisconsin common law.

**REQUEST FOR RELIEF**

WHEREFORE, Epic Systems Corporation respectfully requests judgment and relief against Altos Solutions, Inc. as follows:

A. Enter a judgment in favor of Epic;

B. Award Epic damages adequate to compensate for the infringement of the '214 Mark;

C. Award Epic Altos' profits related to its use of SeeMyChart and SeeMyChart.com;

-8-

D. Temporarily, preliminarily and permanently enjoin Altos, and all of its partners, agents, representatives, employees and all others acting in concert with or on behalf of Altos, from using Epic's trademark, MYCHART, or any colorable imitations thereof, as a trademark, service mark, trade name, fictitious name or domain name due to the likelihood that such usage will cause confusion, mistake or deception;

E. Temporarily, preliminarily and permanently enjoin Altos, and all of its partners, agents, representatives, employees and all others acting in concert with or on behalf of Altos, from using Epic's trademark, MYCHART, or any colorable imitations thereof, as a key word, search word, meta-tag or as any part of the description of a website with a search engine or index;

F. Order Altos immediately to transfer the domain name SeeMyChart.com to Epic;

G. Find that Defendant has willfully infringed Epic's '214 Mark;

H. Treble the damages pursuant to 15 U.S.C. § 1117(a);

I. Declare this to be an exceptional case under 15 U.S.C. § 1117(a), and award Epic reasonable attorneys' fees;

J. Award Epic interest and costs; and

K. Award Epic such further relief to which the Court finds Epic entitled under law or equity.

-9-

| | |
|---|---|
| Dated this 21st day of January, 2011. | */s/ Anthony A. Tomaselli* <br> Anthony A. Tomaselli <br> Wis. State Bar. No. 1003673 <br> aat@quarles.com <br> Bennett J. Berson <br> Wis. State Bar No. 1019421 <br> bennett.berson@quarles.com <br> Martha Jahn Snyder <br> Wis. State Bar No. 1070865 <br> martha.snyder@quarles.com <br> QUARLES & BRADY LLP <br> 33 East Main Street, Suite 900 <br> Madison, Wisconsin 53703-3095 <br> Tel.: (608) 251-5000 <br> Fax: (608) 251-5139 |